No. 110.—P. H. WHITAKER, plaintiff in error, *vs.* NICHOLAS TOMPKINS, administrator, defendant.

[1.] A stipulates with B in writing, that if he will become his security on his note for the purchase money of a lot of land, and pay one half of it, he shall be entitled to a moiety of the land. B signs the note as security, pays more than one half of the price, and has the credit entered to him *as security: Held,* that the form of the endorsement does not and cannot deprive him of the benefit of his agreement; and that the verdict of the Jury, to the contrary, is not only against law, but without evidence to support it.

Claim, in Heard Superior Court. Tried before Judge BULL, November Term, 1855.

Nicholas Tompkins, as administrator of Giles S. Tompkins, being about to sell a certain lot of land as the property of his intestate, Pleasant H. Whitaker, interposed a claim to one undivided half of said lot, which he alleged to be his. The land appeared to have been sold by one Banks, as administrator of George M. Smith, and was bid off by Giles S. Tompkins, and the deed made to him.

The land was bid off at sixty-seven dollars, and Tompkins gave a note with Whitaker as security, for $47$\frac{67}{100}$, in part of the purchase money. The claimant showed an agreement in writing, signed by Giles S. Tompkins, to the effect, that Whitaker was to have one half the lot on paying one half the purchase money.

This agreement was dated on the same day that the land was sold. Several witnesses testified to having been present when said agreement was made; and that in consequence of it, Whitaker consented to stand security for Tompkins on the note.

Claimant proved by Joseph C. Meeks, that he had called on Giles S. Tompkins to purchase said lot, and that Tompkins told him that one half the lot was Whitaker's, and referred him to Whitaker for the purchase of it.

The claimant also produced the said note, on the back of

which was a receipt of the amount due on it from P. H. Whitaker, signed by one Oliver as Attorney, in fact, for Banks. Oliver was introduced, and testified that Whitaker paid him the money. The administrator introduced no evidence in rebuttal.

The Court charged the Jury, that if they believed that Whitaker paid the money simply because of his liability as security for Tompkins, they should find for the administrator; but if he paid it on the faith of, and in fulfilment of the contract, then they ought to find in favor of Whitaker.

The Jury found the land the property of Giles S. Tompkins.

Whereupon, the claimant moved for a new trial, on the ground that the Jury found contrary to the evidence; and on the ground of error in the Court in the charge above stated; and on the further ground, that since the trial of the cause, he had discovered witnesses who would testify that Giles S. Tompkins, in his lifetime, and within a short time before his death, had said to sundry persons, that half the land in dispute belonged to claimant, and that claimant had advanced his part of the purchase money for the same.

The Court refused to grant a new trial; and on this decision error is assigned.


SIMMS, for plaintiff in error.


FEATHERSTONE, for defendant.


*By the Court.*—LUMPKIN, J. delivering the opinion.


[1.] Giles S. Tompkins contracted with P. H. Whitaker, that if he would pay one half of the purchase money for the land, and become his security, that he should be entitled to one half of the lot. Whitaker became security and paid more than one half of the price at which the property was bid off, and had the credit entered on the back of the note as

paid by him as *security*, which he purported to be upon the face of the paper.

Shall this deprive him of the benefit of his written agreement with Tompkins, about which there is no controversy? Was it not right to have the payment thus endorsed? It was in strict conformity with the understanding between the deceased and himself and the facts of the case; and moreover, was necessary to entitle him to the rights of a security *quoad* the excess of payment over his half.

This contract was reduced to writing—was never repudiated by Mr. Tompkins in his lifetime, and one which Mr. Whitaker could not avoid since his death, if he would. Suppose he had undertaken to collect the money thus paid from the estate of Tompkins; would he not have been estopped by the testimony in this record, and a tender, by the administrator, of a conveyance, to one half the land? Of course the agreement is reciprocal; and if Whitaker would be bound by it, the estate of Tompkins must be.

The alternative charge, therefore, was wrong; and the verdict of the Jury was not only contrary to the strong and decided weight of the evidence, but wholly without any proof to support it.